EXHIBIT B

# Interstate Medical Licensure Compact

January 15, 2019

Commissioner Margaret Hansen
101 North Main Avenue, Suite 301
Sioux Falls, South Dakota 57104

Commissioner Elmo J. Rosario, MD
3114 Hogan Court
Rapid City, South Dakota 57702

Dear Commissioner Hansen and Commissioner Rosario,

I have been instructed to contact you on behalf of the Executive Committee of the Interstate Medical Licensure Compact Commission ("IMLCC") concerning the denial of two (2) applications for expedited medical licensure under the provisions of the Interstate Medical Licensure Compact ("IMLC"). Based on available documentation there are 2 applications that SD declined with the reason "Deemed withdrawn for lack of response (60 days)" for the following physicians:

- Timothy Talbot
- William Swanke

The SD action has declined the entire application for these physicians, including all the member board states who have already issued licenses based on the LOQ and Core Data information having determined that these applications have been verified as eligible for the issuance of expedited licenses pursuant to Section 5 (d) of the IMLC.

The denial of these applications was reviewed by an Ad Hoc Committee appointed by the Executive Committee. Three documents were provided to the members from the Executive Director via email on Friday, December 21, 2018. The documents included the:

1) Email correspondence dated 12/21/2018 which included correspondence between the executive director and the South Dakota Board of Medical & Osteopathic Examiners (SD);
2) The IMLCC application from William Roy Swanke, MD;
3) The IMLCC application from Timothy Scott Talbot, MD.

The relevant documents, including the applications of the physicians involved were reviewed and discussion was held during a meeting of the Ad Hoc Committee on December 26, 2018 and a recommendation was made that the action of denying these applications constitutes a default by the State of South Dakota of its obligations and responsibilities under the IMLC because the eligibility of the applicants for expedited licensure were properly verified yet the State of South Dakota failed to issue expedited licenses to these physicians as required under Section 5 (d) of the IMLC.

Section 17 (a) of the IMLC requires that the Interstate Commission "shall enforce the provisions and rules of the compact."

Section 18 (b) of the IMLC provides that "if the Interstate Commission determines that a member state has defaulted in the performance of its obligations or responsibilities under the

# Interstate Medical Licensure Compact

compact, . . . the Interstate Commission shall provide written notice to the defaulting state and other member states of the nature of the default, the means of curing the default and any action taken by the Interstate Commission."

Further the Interstate Commission "shall specify the conditions by which the defaulting state must cure the default."

When the Interstate Commission is not in session Section 12 (e) of the Compact provides that the IMLC Executive Committee "shall have the power to act on behalf of the Interstate Commission in carrying out its powers and duties."

Based upon the above authority, the Executive Committee, has instructed me to inform you of its decision that the above referenced failure of the State of South Dakota to issue expedited licenses to the physicians in question as required by Section 5 (d) of the IMLC constitutes a default of its obligations and responsibilities under the Compact and that in order to cure the default the State of South Dakota should issue expedited licenses to these physicians whose applications were denied.

The failure to cure this default in a timely manner will result in either termination of South Dakota from the Compact pursuant to Section 18 or the filing of an enforcement action in U.S. District Court seeking injunctive relief pursuant to Section 17 of the Compact.

While the Executive Committee sincerely hopes that further enforcement action will be unnecessary, I have been instructed to inform you that the failure to affirmatively respond to this notice by informing the Interstate Commission that the State of South Dakota will cure its default within ten (10) days of receipt of this notice will result in further enforcement action by the Commission without further notice.

Sincerely,

Richard L. Masters
Legal Counsel
IMLCC